**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| SCOTTIE LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. _____ |
| | ) |
| GEORGIA POWER | ) |
| COMPANY, THE | ) |
| SOUTHERN COMPANY | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

COMES NOW Scottie Lewis ("Mr. Lewis" or "Plaintiff"), Plaintiff in the above-captioned matter, and files his Complaint showing the Court as follows:

**INTRODUCTION**

-1-

This Complaint is an action for unlawful discrimination and retaliation under The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. Mr. Lewis was unlawfully terminated on May 15, 2019, after Georgia Power refused to make reasonable accommodations for his vision problem.

-2-

By letter mailed July 8, 2019, Mr. Lewis received a notice of his right to sue from the Equal Employment Opportunity Commission for his Americans with Disabilities Act claim. A copy of that right to sue notice is attached hereto as Exhibit "A." This Complaint is filed within ninety (90) days of Plaintiff's receipt of his right to sue notice.

**JURISDICTION AND VENUE**

-3-

This Court has subject-matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331 and 1343(a)(4).

-4-

Venue is proper under 28 U.S.C. 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District and Division.

**PARTIES**

-5-

Plaintiff Scottie Lewis is an individual residing in Leary, Georgia.

-6-

Defendant Georgia Power Company is a domestic corporation organized under the laws of the State of Georgia with its principal place of business at 241 Ralph McGill Boulevard, Atlanta, Georgia 30308-3374.  It may be served with process by service upon its registered agent, Kevin Pearson, at 241 Ralph McGill Boulevard, NE, Bin 10180, Atlanta, Georgia 30308-3374, pursuant to Fed. R. Civ. P. 4.

-7-

Defendant The Southern Company is a foreign corporation organized under the laws of the State of Delaware with its principal place of business at 30 Ivan Allen Jr. Boulevard, Atlanta, GA 30308.  It may be served with process by service upon its registered agent, Sterling A. Spainhour, at 30 Ivan Allen Jr. Boulevard, Atlanta, GA 30308, pursuant to Fed. R. Civ. P. 4.

-8-

Defendant Georgia Power Company is a wholly-owned subsidiary of The Southern

Company.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

-9-

Mr. Lewis began working for Georgia Power Company eighteen years ago. Georgia Power required him to maintain a commercial driver's license (CDL) in order to drive a commercial vehicle as part of this employment as a lineman in transmission line maintenance.

-10-

Mr. Lewis had a form of blindness in his right eye when he was hired by Georgia Power Company.

-11-

This blindness is a disability as defined by the Americans with Disabilities Act.

-12-

Due to this disability, Mr. Lewis requires a vision exemption from the Federal Motor Carrier Safety Administration in order to obtain a medical card for a commercial driver's license.

-13-

Mr. Lewis obtained his vision exemption, and his medical card for his CDL, every year he was employed by Georgia Power.

-14-

Mr. Lewis is not in control of the length of time that the process to obtain the medical card takes once he has submitted the required paperwork to the Federal Motor Carrier Safety Administration.

-15-

Mr. Lewis's medical card was due to expire on May 8, 2019. He began the process of obtaining the vision exemption in order to renew his medical card in November 2018.

-16-

As of May 15, 2019, Mr. Lewis was still waiting on the exemption paperwork, but he had been assured by the Federal Motor Carrier Safety Commission that it was being processed.

-17-

Mr. Lewis informed his supervisor of this situation and asked to remain employed but not drive a commercial vehicle until his vision exemption paperwork arrived.

-18-

On at least one other occasion, in 2017, he had been allowed to remain in his position after the expiration of his CDL while awaiting his medical card.

-19-

Driving a commercial vehicle was not necessary to his job. He drove a Georgia Power commercial vehicle approximately four times per month only.

-20-

Despite how infrequently he drove a commercial vehicle, Georgia Power refused to accommodate this request. Mr. Lewis was fired on May 15, 2019, for failure to have a current CDL.

-21-

Mr. Lewis was informed by the Federal Motor Carrier Safety Administration on May 31, 2019, that his vision exemption had been approved.

## COUNT I – FAILURE TO ACCOMMODATE

### Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12117

-22-

Plaintiff re-alleges Paragraphs 1-21 of Plaintiff's Complaint as if fully stated herein.

-23-

Defendants' decision to terminate Plaintiff's employment was directly related to, and caused by, Plaintiff's blindness.

-24-

Defendants' discriminatory decision to terminate Plaintiff's employment because of his disability and without providing him with a reasonable accommodation as required by the Americans with Disabilities Act, constitutes unlawful discrimination in violation of 42 U.S.C. § 12111, et seq.

-25-

Plaintiff is a "qualified individual with a disability" under 42 U.S.C. § 12111(8).

-26-

Defendants regarded Plaintiff as having a disability.

-27-

Defendants are a "covered entity" under 42 U.S.C. § 12111(2).

-28-

Plaintiff requested reasonable accommodations from Defendants which would not have created any undue hardship on Defendants to grant.

-29-

Defendants unreasonably denied Plaintiff's requests for reasonable accommodations for his disability.

-30-

Defendants' discriminatory actions described above have caused Plaintiff to suffer lost past, future wages, benefits, compensatory damages for physical ailments and emotional distress, all in an amount to be proven at trial.  Further, Plaintiff is entitled to recover punitive damages from Defendants to punish Defendants and to deter them from such conduct in the future.

-31-

As a further direct and proximate result of Defendants' violation of 42 U.S.C. § 12111, et seq., Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendants and thereby has incurred, and will continue to incur, legal fees and costs.  Plaintiff requests that attorney's fees and costs be awarded.

## COUNT II – TANGIBLE EMPLOYMENT ACTION

### Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12117

-32-

Plaintiff re-alleges Paragraphs 1-31 of Plaintiff's Complaint as if fully stated herein.

-33-

Defendants' decision to terminate Plaintiff's employment was directly related to, and caused by, Plaintiff's disability and his request to not be required to drive a commercial vehicle until his medical card arrived.

-34-

Plaintiff suffered a tangible employment action—termination of his employment—because

of Defendants' discriminatory decision to terminate Plaintiff's employment because of his disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

-35-

Plaintiff is a "qualified individual with a disability" under 42 U.S.C. § 12111(8).

-36-

Defendants regarded Plaintiff as having a disability.

-37-

Defendants are a "covered entity" under 42 U.S.C. § 12111(2).

-38-

Defendants' discriminatory actions described above have caused Plaintiff to suffer lost past, future wages, benefits, compensatory damages for physical ailments and emotional distress, all in an amount to be proven at trial.  Further, Plaintiff is entitled to recover punitive damages from Defendants to punish Defendants and to deter them from such conduct in the future.

-39-

As a further direct and proximate result of Defendants' violation of 42 U.S.C. § 12111, et seq., Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendants and thereby has incurred, and will continue to incur, legal fees and costs.  Plaintiff requests that attorney's fees and costs be awarded.

## **COUNT III – RETALIATION**

### **Violation of the Americans with Disabilities Act of 1990,**
### **42 U.S.C. §§ 12101-12117**

-40-

Plaintiff re-alleges Paragraphs 1-39 of Plaintiff's Complaint as if fully stated herein.

-41-

Plaintiff requested reasonable accommodations from Defendants.

-42-

In response, Defendants unlawfully retaliated against Plaintiff by terminating his employment.

-43-

Defendants' decision to terminate Plaintiff's employment was directly related to, and caused by, Plaintiff's request for these reasonable accommodations.

-44-

Defendants' actions violated 41 U.S.C. § 12203.

-45-

Defendants' unlawful actions have caused Plaintiff to suffer lost past, future wages, benefits, compensatory damages for physical ailments and emotional distress, all in an amount to be proven at trial. Further, Plaintiff is entitled to recover punitive damages from Defendants to punish Defendants and to deter them from such conduct in the future.

-46-

As a further direct and proximate result of Defendants' violation of 42 U.S.C. § 12111, et seq., Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendants and thereby has incurred, and will continue to incur, legal fees and costs. Plaintiff requests that attorney's fees and costs be awarded.

**WHEREFORE**, Plaintiff demands the following relief:

A. That the Court declare that the Defendants' actions complained of herein violated Plaintiff's rights secured under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.;

B. that the Court permanently enjoin the Defendants from engaging in any employment policy or practice that discriminates against individuals on the basis of disability;

C. that the Court order the Defendants to place Plaintiff in the same position he would have occupied absent the Defendants' unlawful actions, with all compensation and benefits he would have received in such position, or in the alternative, to award Plaintiff front pay, back pay, and benefits;

D. that compensatory and punitive damages be awarded to the Plaintiff against the Defendants, including damages for lost compensation and profits, physical injury, pain and suffering and emotional distress;

E. that the Plaintiff recover prejudgment interest on any awarded lost compensation and profits;

F. that the Court award Plaintiff his attorney's fees and costs;

G. that the Plaintiff be awarded such other relief that the Court deems just and proper; and

H. that the within action be tried to a jury.

Respectfully submitted this 4th day of October, 2019.

                HOWELL LAW FIRM

                ***/s/ Robert D. Howell***
                Robert D. Howell
                Georgia Bar No. 372598
                Melissa D. Peeler
                Georgia Bar No. 570405

P.O. Box 100
Moultrie, Georgia 31776
Tel:  229-985-5300
Fax: 229-891-3378
robert.howell@southgalaw.com